PER CURIAM.
This appeal is from an order of the trial court denying appellant’s petition for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, after an evidentiary hearing.
On June 26, 19S7 appellant was found guilty of first degree murder by a jury without recommendation of mercy. Based thereon he was sentenced to death. The Supreme Court reversed, for certain improper remarks by the prosecutor during closing argument. On retrial the appellant withdrew his plea of not guilty and entered a plea of guilty of murder in the first degree, whereupon he was sentenced by the court to life imprisonment.
On November 6, 1964 appellant filed a petition in the trial court under Criminal Procedure Rule 1 seeking to set aside his sentence on the ground that he had not been tried before a jury. That petition was denied. Thereafter appellant filed his present petition under Criminal Procedure Rule 1. The petition was lengthy and set forth numerous grounds. The ground now being relied on was that he was mentally incompetent at the time he pleaded guilty, due to a prior brain concussion and skull fracture. In the trial court the petitioner supported the motion with evidence of certain treatment he had received for the alleged head injury prior to and subsequent to the time in question. Upon an evidentiary hearing the trial judge concluded that contention of the petitioner was without merit, and with reference thereto stated in his order as follows:
“ * * * It is apparent from the record that the defendant entered his Plea of Guilty on the advice of counsel, on the advice of a minister of the gospel who counseled with petitioner, and on the advice of members of his family in the belief that the evidence against the petitioner was so convincing that he would again be found guilty by a jury and that the jury again might not recommend mercy, and that the defendant and his counsel believed that his best hope to escape another death sentence could be to plead guilty and appeal to the mercy of the Court.”
We conclude, as did the able circuit judge, that the withdrawal of the not guilty plea and the entry of a plea of guilty by the appellant was done knowingly upon the advice of experienced counsel of his choice and of others having interest in his welfare, in an effort to avoid the risk of receiving a *17 death sentence following another trial, assuming (correctly) that on pleading guilty the death penalty would not be imposed.
Whereupon, no reversible error having been made to appear, the order appealed from is affirmed.
Affirmed.