191 So.2d 281 (1966)
Elliott G. GOSSETT and Mary C. Gossett, Appellants,
v.
STATE of Florida, Appellee.
No. 6976.
District Court of Appeal of Florida. Second District.
October 26, 1966.
Joseph G. Spicola, Jr., Public Defender, and Marcus A. Wilkinson, III, Asst. Public Defender, Tampa, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Chief Judge.
The appellee, State of Florida, moved this court to dismiss the appeal or, in the alternative, require the prosecution of this appeal in accordance with the Florida Appellate Rules.
The public defender of Hillsborough County represented the defendants-appellants in the Criminal Court of Record in and for Hillsborough County, had the complete proceedings lodged in this court, then stated that he had examined the record and found that the appellants were completely and adequately represented by said public *282 defender's office and, in his opinion, found no harmful error; and, in fairness, said public defender could not in good faith and conscience find any favorable law under the facts presented to support the assignments of error, nor could he find any abuse of discretion by the trial judge in the case.
On May 16, 1966, this court entered an order granting the public defender's motion to be permitted to withdraw as attorney of record for appellants.
This court has, in the past, permitted defense attorneys to withdraw from representation of defendants in the appellate court after they had lodged the record of the proceedings here. As a result, we have had a large number of cases lodged here without representation of the appealing defendants. Because of the lack of representation of the defendants in cases before this court, and the confusion caused thereby, we are finding it necessary to refuse to permit defense counsel to withdraw until the completion of the case in this court. We are, therefore, requesting the various lower courts, after the determination of the insolvency of defendants, to appoint counsel to defend them. It is becoming difficult to justify the difference between the need of counsel in the trial court and the finding that there is no need of counsel in the appellate court. This is causing an increasing number of petitions for habeas corpus to be filed in the federal courts to release prisoners because they are not represented in the appellate court by an attorney.
We shall deny the state's motion to dismiss and proceed to examine the entire record, including testimony, charges of the court, and assignments of error to determine the proper disposition of this appeal.
Elliott G. Gossett and wife, Mary C. Gossett, were convicted in the Criminal Court of Record of Hillsborough County on the following charges:
"* * * that Elliott G. Gossett on the 6th day of June, 1965, in the County of Hillsborough and State of Florida, did then and there handle, fondle and make an assault upon a female child under the age of fourteen years, to-wit: eleven years of age, in a lewd, lascivious, and indecent manner, to-wit: by then and there having carnal knowledge of the said. * * *"
"* * * that Mary C. Gossett on the 6th day of June, 1965, in the County of Hillsborough and State of Florida, was then and there unlawfully present, counseling, hiring, procuring, encouraging, commanding, inciting, and otherwise inducing the said Elliott G. Gossett to do and commit said felony aforesaid, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
The two defendants, by agreement of counsel, were tried together, each having entered a plea of not guilty through their counsel Joseph G. Spicola, Jr., Public Defender of Hillsborough County.
After having prepared a lengthy 15 page opinion, in which we detailed the evidence that was adduced against the defendants in this case, we decided it was best to destroy that opinion and file a short affirmance, due to the youth of the witnesses who appeared in the trial of the case.
The only testimony presented by the defendants was that of a man and his wife who were friends of the couple and who claimed they went out on a party with the defendants the night the crime was supposed to have taken place. The testimony of these two was greatly weakened on cross-examination to the effect that they could not recall the particular date in question.
The only possible error here is whether it was proper for the trial court to permit the introduction of evidence of similar illicit acts, imposed by the appellants on the children, that occurred prior to the time of the act in question.
*283 In a similar case, Williams v. State, Fla. 1959, 110 So.2d 654, Justice v. Thornal (now Chief Justice) wrote a learned opinion on the admissibility of prior similar acts to establish a pattern followed by the defendants in committing the crime.
In Williams, the defendant was convicted of rape. On appeal, he questioned the admissibility of a prior act, that about six weeks before the act in question the defendant was found on the floor in back of a young girl's automobile parked in a certain parking area. As to the night of the act in question, the prosecutrix testified that the defendant had been hiding in her family automobile parked in the same parking area. The deputy sheriff testified that that defendant told him that he entered the automobile to take a nap under the mistaken belief that the automobile belonged to his brother.
At police headquarters, on the night of the prior act, the defendant gave the same excuse for being in the other young girl's automobile that he gave the night of the act he was being tried for.
Justice Thornal stated as to the admissibility of the prior act:
"We come now to a prior decision which is perhaps the most strongly analogous to the instant case. In Talley v. State, 160 Fla. 593, 36 So.2d 201, the appellant was sentenced to the electric chair upon conviction of the crime of rape. The State was permitted to place before the jury the testimony of five women other than the victim. The sum of the testimony to which objection was made was that on three occasions prior to the date of the alleged crime and on two occasions subsequent thereto the accused had approached the other women in a manner very similar to his approach to the prosecutrix. He had in each instance inquired if the husbands were home. On at least two of the occasions he had made indecent proposals to the witnesses. In approving the admissibility of this testimony, this court held that even though evidence tending to reveal the commission of a separate and wholly independent offense was inadmissible, nevertheless, evidence revealing other crimes is admissible if it casts light upon the character of the act under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior offenses would have a relevant or a material bearing on some essential aspect of the offense being tried. Again, we could be content to dispose of the instant case by simply making reference to our prior decision in Talley v. State, supra. However, our objective is not only to dispose of the case with a sound judgment but also to restate or perhaps to state more clearly and in simpler form this important rule of evidence which apparently has caused so much trouble in the past. As we did in Talley v. State, supra, we emphasize that the question of the relevancy of this type of evidence should be cautiously scrutinized before it is determined to be admissible. Nonetheless, relevancy is the test. If found to be relevant for any purpose save that of showing bad character or propensity, then it should be admitted."
We conclude that the trial judge had authority under Williams v. State, supra, and Talley v. State, supra, to permit the evidence of former acts of the two defendants in connection with the children involved in the instant case to show a pattern of criminality that makes the prior acts relevant to the commission of the acts in question.
Under the evidence adduced, we do not see how the jury could have brought in any verdict other than that which they did, as there was no defense, in effect, presented.
We affirm the lower court.
SHANNON and LILES, JJ., concur.