PIERCE, Judge.
This is an appeal by appellant-defendant’ Elijah Smith from an order denying a motion for post-conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
Information was filed on April 26, 1963, in the Lee County Circuit Court, charging Smith with second degree murder, and on the same date, with his Court-appointed attorney present, he waived arraignment and entered plea of not guilty. Thereafter on June 10, 1963, the cause duly came on for trial before a jury, Smith being represented by his said appointed counsel, Mr. W. Ed Weaver, Jr., from the Public Defender’s' office. After three State witnesses had testified, both upon direct examination by' the Assistant State Attorney and also cross-examination by Smith’s counsel, the Court was informed by defendant’s attorney that defendant would like to change his plea from not guilty to guilty. In answer to a question from the trial Judge, the defendant himself confirmed this desire on his part in open Court. Defendant was thereupon adjudged guilty of second degree murder and sentence was reserved, pending receipt of a pre-sentence investigation and report by the probation officer of the Court. Thereafter, on September 24, 1963, upon receipt of such report, the Court sentenced Smith to life imprisonment.
On October 21, 1965, defendant Smith filed his motion for discharge under C.P.R. *42 'No. 1. On November 5, 1965, the Court entered order which, after reciting that said motion did “not show conclusively that the movant is not entitled to relief”, directed the State Attorney to file a reply to said motion and serve copy thereof, together with copy of all attachments thereto, upon the defendant. On'November 23, 1965, the State Attorney filed his reply as directed, alleging the foregoing record facts and asserting that before the trial Court permitted defendant to change his plea from not guilty ; to guilty on June 10, 1963, the Court in-’quircd of the defendant whether he was aware of what it meant to plead guilty to a i felony and whether in fact this was his plea, and the defendant answered affirmatively to such inquiries prior to the Court’s accepting his guilty plea; also that defendant was represented by competent counsel at all critical stages of the proceedings. Certified copies of requisite Court records were attached to and made a part of the State Attorney’s reply.
On January 7, 1966, the trial Court entered order which made findings in accordance with the Court records aforesaid and denied the motion for relief. On January 13, 1966, defendant filed his notice of appeal, and on April 8, 1966, assignments of error and directions to the Clerk were filed by defendant’s counsel. Certified transcript of record of all proceedings in the trial Court was filed here on June 29, 1966. On October 3, 1966, the Public Defender filed in this Court a motion for an order allowing him to withdraw as counsel for defendant, averring therein that the public defender’s office had “examined the records and can find nothing to support the Defendant-Appellant’s allegations. That the Defendant-Appellant was ably represented by an Assistant Public Defender, W. Ed Weaver, Jr., of this office, who is an experienced, well-qualified practitioner in the field of criminal law”. On October 25, 1966, this Court entered order granting the Public Defender’s motion for leave to withdraw.
We have had numerous’ similar situations develop in other cases in this Court in the past, the last of which was in the case of Gossett v. State, Fla.App., 191 So.2d 281, opinion filed October 26, 1966. The opinion in that case, written by the Chief Judge of the Court, stated:
“On May 16,1966, this court entered an order granting the public defender’s motion to be permitted to withdraw as attorney of record for appellants.
“This court has, in the past, permitted defense attorneys to withdraw from representation of defendants in the appellate court after they had lodged the record of the proceedings here. As a result, we have had a large number of cases lodged here without representation of the appealing defendants. Because of the lack of representation of the defendants in cases before this court, and the confusion caused thereby, we are finding it necessary to refuse to permit defense counsel to withdraw until the completion of the ■case in this court. We are, therefore, requesting the various lower courts, after the determination of the insolvency of •defendants, to appoint counsel to defend them. It is becoming difficult to justify the difference between the need of counsel in the trial court and the finding that there is no need of counsel in the appellate court. This is causing an increasing number of petitions for habeas corpus to be filed in the federal courts to release prisoners because they are not represented in the appellate court by an attorney.
“We shall * * * proceed to examine the entire record, including testimony, charges oj: the court, and assignments of error to determine the proper disposition of this appeal.”
We will follow the same procedure in the instant case as in the Gossett case, supra, but reiterate that in the future this Court will be more strict in permitting withdrawal of counsel of record on appeals to this Court by indigent defendants in criminal cases.
*43 In his petition under C.P.R. No. 1, defendant alleged that the information filed against him was “null and void”; that he “committed the alleged crime in self defense” ; that when he changed his plea from not guilty to guilty he thought he was pleading guilty to “the lesser charge of manslaughter”; that he had been “tricked” by the State Attorney and his own attorney into entering the guilty plea; and that the said plea of guilty “resualted” from untrue statements of his counsel “unpretisipated by him” (the defendant).
All the contentions contained in defendant’s said motion for relief are either frivolous on their face, or are refuted by the official Court records in the case, or have heretofore been repudiated by the appellate Courts of Florida.
The contention as to self defense goes to the proofs and the merits of the case, which matters cannot ordinarily be raised by collateral attack. Taylor v. State, Fla.App.1965, 171 So.2d 402; Bell v. State, Fla.App.1964, 168 So.2d 336. See also Crusoe v. State, Fla.App.1966, 183 So.2d 600, text 603, and cases therein cited.
The allegation that he was “tricked” into changing his plea from not guilty to guilty by both his own counsel and the State Attorney is conclusively refuted by the certified Court record itself. The trial Judge inquired of him if he knew the consequences of pleading guilty and he replied he did. This is sufficient. Williams v. State, Fla.App.1964, 165 So.2d 197; Crusoe v. State, supra.
As to the accusation in his motion that his Public Defender counsel was incompetent and that he was “misrepresented” and “misled” by his counsel is nothing more than a bare conclusion and is fatally insufficient in the absence of a factual basis therefor duly alleged. Gillyard v. State, Fla.App.1965, 175 So.2d 798; Clark v. State, Fla.App.1965, 174 So.2d 773; Crusoe v. State, supra.
The order of the Court below appealed from is thereupon—
Affirmed.
ALLEN, C. J., and HOBSON, J., concur.