Baird Everett **MANLEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25304.

United States Court of Appeals
Fifth Circuit.

June 25, 1968.

Alvin J. Bronstein, Jackson. Miss., Charles Morgan, Jr., M. Laughlin McDonald, Atlanta, Ga., for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

DYER, Circuit Judge:

The appellant waived indictment and pled guilty to the sale of narcotics in vi-

olation of 26 U.S.C.A. § 4704(a). He appeals from the denial, after a hearing, of a § 2255 motion to vacate sentence. We reverse.

Appellant has a thirty year history of addiction and violations. He was arraigned after a two week confinement without drugs. Following a pre-plea request to see a doctor and the appointment of counsel, both of which were granted, the court recessed. During the recess appellant conferred with his court-appointed attorney, was thereafter visited by a doctor, and again conversed with his attorney.

The doctor, out of the presence of the attorney, found appellant to be "nervous" and "very talkative and jittery like, hands shaking," undoubtedly due to his two week withdrawal from drugs. In order to "calm" him, the doctor administered two injections, one containing 1.5 mg. of Numorphan, a narcotic, and the other 20 mg. of Largon.

The drugs are central nervous system depressants which could be expected to make a person less acute or aware, less reactive and with lessened capability to make an important decision. The precise effect of these drugs upon an individual can only be determined from an experienced examination and observation. The appellant did not remain with the doctor long enough for the particular effect of the drugs to be determined.

Upon the reconvening of court, appellant's attorney stated that he had been unable intelligently to confer with appellant and requested his commitment to an institution for mental examination. The court then inquired whether appellant had received medical treatment that day and was informed that appellant had received a shot of some type.[1] Although neither the court nor counsel knew with certainty the nature of the injunctions, the Assistant United States Attorney mistakenly believed that the shot "was not a narcotic type" and so informed the court. Following another recess appellant's demeanor had changed sufficiently for his attorney to inform the court that appellant was ready for arraignment, and a plea of guilty was entered. Appellant admitted four previous convictions and was given the statutorily compelled minimum sentence to confinement for a period of ten years.

Rule 11 of the Federal Rule of Criminal Procedure requires a court to determine the effect of narcotics administered to a defendant upon his understanding of the nature of the charge and the voluntariness of his proffered plea before accepting it.[2] Cf. McNicholas v. United States, 4 Cir. 1962, 298 F.2d

---

1. MR. BOWLING: May I make a statement now? I have talked with Mr. Manley for a few minutes prior to lunch and I have just talked with him a few more minutes, and I am not in a position to make a recommendation to him for the reason I cannot understand him clearly. He doesn't seem to have all of his faculties [*sic*] about him, and I advised him as to alternatives. He cannot make his selection of what he wants to do and I have not been able to get him to do so. In my opinion he is not today competent to choose as to what route he wants to take and I would like to request, if possible, that the court commit him to some institution for a pre-plea mental examination of some type to determine his mental competency.

THE COURT: You say he is unable to confer with you at the present time?

MR. BOWLING: Not intelligently, no, sir, I don't think so.

THE COURT: Has he had any medical treatment today?

MR. BOWLING: I believe the doctor saw him—about how long ago?

BY THE MARSHAL: About 12:15.

MR. STRANGE: About noon. And I believe he did give him a shot.

THE COURT: He gave him a shot?

MR. STRANGE: Yes, sir. (R. 12–13.)

2. The use of narcotics does not *per se* render a defendant incompetent to stand trial, United States v. Tom, 2 Cir. 1965, 340 F.2d 127, nor, presumably, to plead guilty. Neither would withdrawal from narcotics necessarily cause incompetence to plead guilty. Lipscomb v. United States, 8 Cir. 1954, 209 F.2d 831.

914; Sanders v. Allen, 1938, 69 App.D. C. 307, 100 F.2d 717; see Pledger v. United States, 4 Cir. 1959, 272 F.2d 69; Hayes v. United States, 8 Cir. 1962, 305 F.2d 540.

■■ While it may be that generally the burden of proof is on a defendant to show that he was under the influence of a narcotic to such an extent that his judgment would be impaired, Twining v. United States, 5 Cir. 1963, 321 F.2d 432, 435, cert. denied, 1964, 376 U.S. 965, 84 S.Ct. 1126, 11 L.Ed.2d 982, here the government's innocent misrepresentation that appellant was not under the influence of narcotics curtailed proper Rule 11 inquiry by the court, and the burden of proof of appellant's competence, under these circumstances, was upon the government. See, Lane v. United States, 5 Cir. 1967, 373 F.2d 570, 573.

■ We have carefully examined the testimony at the § 2255 hearing and find it wholly insufficient to support the District Court's determination that the drugs administered to the appellant were of a nature and in an amount which could not have affected his powers and faculties at the time of arraignment and plea. The effect of the shot given to the appellant was not observed by any doctor. Reaction is variable from person to person and under differing circumstances. Court-appointed counsel had serious reservations initially about appellant's ability to stand trial. The court echoed these reservations. At the time that the plea was entered neither the judge, the prosecutor nor defense counsel knew that narcotic drugs had been administered to appellant. "It is hardly necessary to add that certainty as to the lack of any mental effects from drugs upon a defendant in his trial and conviction is a matter of particular judicial solicitude." Hayes v. United States, supra, 305 F.2d at 543. On the record before us we cannot say with certainty that appellant was mentally competent at the time of his plea.

Reversed and remanded for further proceedings not inconsistent herewith.