PIERCE, Judge.
Appellant Morgan Goodall appeals to this Court from an Order entered by the Criminal Court of Record for Hillsborough County denying his petition, filed under CrPR 1.850, 33 F.S.A., for relief from a previous sentence of, imprisonment.
Goodall was informed against for second degree murder and, after originally pleading not guilty, changed his plea upon re-arraignment to guilty of the lesser offense of manslaughter. After certain proceedings in open Court hereinafter alluded to, Goodall was adjudged guilty of manslaughter on March 20, 1967, and placed on probation for a period of ten years. Thereafter, on March 31, 1969, after hearing, the trial Court revoked said probation, adjudged him guilty of manslaughter, and sentenced him to serve ten years in the State Prison.
On July 9, 1969, Goodall filed his petition to vacate the judgment and sentence under CrPR 1.850, alleging that he was “psychologically coerced” into entering the original guilty plea to manslaughter by his trial counsel, Hon. John Branch, since deceased. The asserted “coercion” consisted substantially of the following allegations: that prior to the plea of guilty, Goodall was in the office of his attorney, Mr. Branch, and also present were Mrs. Johnny Louise Hickman (mother of the victim, Alonzo Hickman, Jr., whom Goodall was accused of killing), and a friend of Goodall’s, one David Haley; that at such meeting Mrs. Hickman told Mr. Branch that her daughter, one Sandra Hickman, had related to the mother that Alonzo, Jr. had been the victim of a freak accident in that Goodall’s gun had “went off accidental when he stood up” and that Hickman was shot “in an accidental manner that couldn’t be helped”; that Mr. Branch discounted the statements as to the shooting being accidental and “his reply thereto * * * was ‘coercively’ stated as follows:
‘ * * * Morgan, I have reason to believe you will end up with a life sen *265 tence unless you decide to .enter a plea of guilty, because I have talked with the State Attorney and he has inform (sic) me that if you don’t plea (sic) guilty and cost the county money and the State the trouble of having to try you by jury and is found guilty, he would recommend to the Court that a sentence of life be imposed, but if you would enter a guilty plea the Court would go easy on you and that he would even allow you to enter a plea of guilty to manslaughter instead of second degree murder. He also stated that if you cooperate with me and the State, he might recommend you a probation and if you didn't get probation, he would see to it that nothing less or more than five (S) years be imposed, but if you don’t cooperate and take the proposition, you will definitely be facing a sentence of life’
that he, Goodall, “through fear of getting life, subsequently entered a plea of guilty”, which “it was never his desire” to do.
The petition to vacate the sentence was properly denied, and we affirm.
In the first place, Goodall got the full benefit of his guilty plea by being granted full probation by the Court. And he made no claim that his guilty plea had been coerced by his then counsel or by anyone else until over two years after he was given probation and not until after said probation had been revoked for cause. Goodall’s contention as to coercion therefore runs counter to the rationale of our decisions in Steinhauser v. State, Fla.App.1969, 228 So.2d 446, and Hooper v. State, Fla.App.1970, 232 So.2d 257.
In the second place, there is nothing in the record to show that the statement of Goodall’s counsel in his office, instead of being coercive in character to Goodall’s detriment, was not in fact good sound advice to a client in trouble and in keeping with the highest traditions of legal representation. It will be noted that the statement of Hickman’s mother (assuming it was made) to the effect that Goodall’s gun went off accidentally and that Hickman was killed “in an accidental manner that couldn’t be helped” was merely a hearsay repeat on the mother’s part as to what her daughter Sandra, sister of the victim, had told the mother, and did not purport to be a statement of fact made directly by the mother of her own knowledge. It is also to be noted that nowhere in Goodall’s petition for relief was there any averment as to what Sandra herself would say or testify. So it is entirely reasonable to assume the utmost bona fides on the part of Goodall’s then counsel when he strongly advised Goodall to plead guilty to manslaughter in the hope that the State Attorney “might recommend you a probation” or if not “he would see to it that nothing less or more than five (5) years be imposed”. The attorney’s advice actually bore more fruit for Goodall in the form of full probation than he held out hope for to Goodall.
The order appealed is therefore—
Affirmed.
HOBSON, C. J., and MANN, J., concur.