PER CURIAM.
The appellant seeks review of a summary denial of his petition, seeking relief pursuant to Rule 1.850 Cr.P.R., 33 F.S.A. He was indicted for first degree murder in November, 1960. He was adjudicated insolvent at that time; two court-appointed counsel were made available to him. He pleaded not guilty and not guilty by reason of insanity. He was examined by court-appointed physicians; determined to be sane. Subsequently, in January, 1961, he elected to withdraw his pleas and plead guilty, which was permitted after exhaustive examination by the trial court. He was then sentenced to life imprisonment. In August, 1969, he filed a petition under the aforesaid criminal rule, collaterally attacking his conviction, contending that his plea had been coerced or was not voluntary. Upon hearing on the petition, the trial judge examined the record and summarily denied same. We affirm.
No excuse was given for the delay in the filing of the petition collaterally attacking the appellant’s conviction. It seems clear that this is another case of a defendant being unwilling to run the risk of a capital conviction and, after a long lapse of time, attempting to get a new trial when obviously the State’s witnesses and evidence are Unavailable or, at best, would be difficult to obtain. A clear reading of this record shows that the appellant was fully informed of his rights by most able counsel, fully questioned by a conscientious trial judge as to the voluntariness of his plea; and this record demonstrates no reason to interfere with the trial judge’s order here under review. Plymale v. State, Fla.App.1967, 201 So.2d 85; Lee v. State, Fla.App.1967, 204 So.2d 245; Jackson v. State, Fla.App.1968, 215 So.2d 784; Brumley v. State, Fla.App.1969, 224 So.2d 447; Garcia v. State, Fla.App.1969, 228 So.2d 300; Steinhauser v. State, Fla.App.1969, 228 So.2d 446; Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16; Bishop v. Sharkey, Dist.Ct. Dist. of R.I.1969, 306 F. Supp. 246; Hall v. State, Ct.Cr.App.Ala.1969, 228 So.2d 863; Selph v. Veron, 254 La. 1095, 229 So.2d 111.
Therefore, for the reasons stated above, the order denying petition for relief is hereby affirmed.
Affirmed.