432 F.2d 75
 UNITED STATES of America, Plaintiff-Appellee,
v.
Claude Leon GOODMAN, Defendant-Appellant.
 No. 28627 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 2, 1970.
 
 Claude Leon Goodman, pro se.
 C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 THORNBERRY, Circuit Judge.
 
 
 1
 On January 3, 1969, Claude Leon Goodman entered a plea of guilty to a charge of bank robbery under 18 U.S.C. § 2113(d). After receiving a sentence of fifteen years, he filed a motion to withdraw his plea of guilty. The district court denied the motion and Goodman appeals. We affirm.
 
 
 2
 On December 3, 1968, two armed robbers took $7,596 from the First National Bank of Bay Minette in Baldwin County, Alabama. Appellant Goodman and his codefendant, who were apprehended the day of the robbery, told the United States Commissioner they wished to plead guilty to the crime. Goodman's appointed counsel waived prosecution by indictment and consented to proceeding on an information. The United States Attorney then filed a two count information charging the defendants with violation of 18 U.S.C. § 2113(a) and § 2113(d). Count One, which was based on § 2113(a), subsequently was dismissed by the court. Count Two contained the following language: "* * * in committing the aforesaid acts, [defendants] did assault aforenamed person and put in jeopardy his life by the use of a dangerous weapon, that is, a 38 caliber revolver * * *" Goodman and his codefendant pleaded guilty to the charge, but the court refused to accept the plea after the defendants denied the assault with the pistol. A plea of not guilty was entered.
 
 
 3
 On January 2, 1969, the court received a letter from the defendants, stating therein that they had misunderstood the meaning of the word "assault" in the information but now understood it and wished to plead guilty. After the district judge interrogated the defendants to make sure they had a full understanding of the information and charge, he accepted their pleas of guilty, and Goodman was sentenced to fifteen years in prison. A month later, on February 6, 1969, Goodman filed a motion to withdraw his plea of guilty. It was denied.
 
 
 4
 In this appeal Goodman first argues that his plea of guilty was involuntary and that the district court should thus have allowed him to withdraw it to correct a "manifest injustice."[1] In support of this contention appellant, a drug addict, asserts that he was threatened by an official of the United States Government with withdrawal of drugs unless he pleaded guilty. This matter was made the subject of a detailed inquiry by the district judge at the time appellant pleaded guilty. The judge specifically queried Goodman as to whether any government official had promised him leniency in return for a guilty plea or threatened mistreatment or reprisal in response to a plea of not guilty. Goodman unequivocally answered "no" to the queries. On the basis of its rather exhaustive inquiry the district court concluded that Goodman's contention was without merit. We have carefully reviewed the record and are convinced that the district court was not in error in its conclusion.
 
 
 5
 Appellant next argues that at the time of his guilty plea he was under the influence of a narcotic that impaired his judgment and rendered him incompetent to plead guilty. This is a most serious contention and one for which the judiciary has shown much concern. Indeed, as this Court stated in Manley v. United States, 5th Cir. 1968, 396 F.2d 699, at 701, "It is hardly necessary to add that certainty as to the lack of any mental effects from drugs upon a defendant in his trial and conviction is a matter of particular judicial solicitude." On the day the defendant pleaded guilty at 2:30 p.m., he had received a shot of a quarter grain of morphine at 9:00 a.m. At the time of the plea the district court, in order to ascertain the effect of the morphine upon Goodman's mind and judgment, questioned a physician, Goodman's attorney, and Goodman himself. The physician testified that the drug's effect would have dissipated by 1:00 p. m. and that after that time the appellant would be capable of forming a reasonable and rational judgment. Goodman's attorney testified that in his opinion his client understood him and acted like an ordinary person. Finally, appellant himself testified that he had an ordinary understanding of his discussions with his attorney and that he had been able to relate to him things about the case. It is clear, therefore, that the district judge was well aware that Goodman had received a narcotic the morning of the trial. It is also evident that he took careful steps to ascertain whether appellant was under the influence of the drug at the time of the plea. After a careful review of the record, we perceive no error in his conclusion that Goodman was competent to enter a plea of guilty.
 
 
 6
 In addition to the preceding contentions, appellant asserts that his plea of guilty is invalid for the following reasons: The plea was the product of mental disease; there was no factual basis for the plea; and the district judge did not inform him that "jeopardy" means to endanger life. Because appellant did not raise these points in the district court, we do not reach them on this appeal.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I
 
 
 [1]
 Fed.R.Crim.P. rule 32(d) provides in part as follows: A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea