PIERCE, Judge.
Appellant James O’Fallon appeals to this Court from an order entered by the Sarasota County Circuit Court denying his motion for post-conviction relief under Cr.P.R. 1.850, 33 F.S.A., after he had previously entered plea of guilty to a charge of second degree murder and been sentenced to life imprisonment.
Fifty-two days after his guilty plea and sentence, O’Fallon filed in the trial Court a motion to vacate the judgment and sentence on the ground that his constitutional rights had been violated because his plea of guilty had been “coerced” and that he was represented by “incompetent counsel”. The trial Judge denied the motion without evidentiary hearing, and O’Fallon has appealed to this Court from such order.
The local Public Defender, representing O’Fallon in this Court, has filed brief on his behalf wherein it is stated that “counsel for Appellant can only agree with the Trial Court that this is a frivolous motion and appeal. Appellant was questioned at length as to the voluntariness of his plea, and as to his satisfaction with his Court appointed counsel. All of the answers were in the affirmative”. It was thereupon moved that “this appeal be dismissed as frivolous”, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
Copy of the brief aforesaid was furnished to O’Fallon by certified mail and was so received by O’Fallon on June 29, 1970, according to a return receipt signed by O’Fallon, which has been filed in this cause. Thereafter, on July 9, 1970, this Court entered order allowing O’Fallon *873 thirty days within which to “file an additional brief calling the Court’s attention to any matters that he feels should be considered in connection with the appeal in this cause”. Said thirty days period has long since expired and no further brief or other document has been received from or on behalf of O’Fallon. This Court has thereupon proceeded to carefully examine and consider the entire record before this Court. We fail to find reversible error.
No sufficient facts are set forth in the motion for relief on either ground relied upon as aforesaid to sustain it upon its face. We affirm.
The record filed in this Court shows affirmatively that on December 5, 1969, the trial Judge, with the assistance of the local Assistant State Attorney and in the presence of counsel for O’Fallon and also in the presence of the local Parole and Probation officer, tediously and at length interrogated O’Fallon in open Court as to whether his proffered guilty plea to second degree murder upon the first degree indictment was knowingly, intelligently, and voluntarily made, and that all possible consequences thereof had been fully made known to him. It was only after this had been fully established by recorded inquiry that the Court finally agreed to accept such plea and sentenced him accordingly. O’Fallon in his motion for relief does not deny any of the facts of record and states no affirmative facts colorably sufficient to warrant relief.
The petition was patently without sufficient facts to support the bare allegations of coercion and inefficiency of counsel relied upon, and the authorities are legion that in such case no relief can be granted. See Steinhauser v. State, Fla.App.1969, 228 So.2d 446; Ballard v. State, Fla.App.1967, 200 So.2d 597; Devlin v. State, Fla.App.1966, 192 So.2d 786; Dozier v. State, Fla.App.1966, 192 So.2d 506; Smith v. State, Fla.App.1966, 192 So.2d 41; Plymale v. State, Fla.App.1966, 182 So.2d 57; State v. Barton, Fla.1967, 194 So.2d 241.
The order appealed is—
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.