PER CURIAM.
The appellant seeks review of an order summarily denying his petition filed pursuant to Rule 1.850 CrPR, 33 F.S.A.
The appellant was charged with the crime of murder in the first degree on January 10, 1967, to which he pleaded not guilty on February 16, 1967. The cause came on for trial, at which the appellant in person and with counsel withdrew his plea of not guilty and pleaded guilty on May 24, 1967. He was questioned by both the trial judge and the prosecuting attorney concerning the circumstances of his plea and the possible consequences thereof.[1] He was incarcerated from January 16, 1967 to August 10, 1967 when he was adjudicated guilty and sentenced to life in prison. On December 10, 1970, the appellant filed a motion to vacate pursuant to Rule 1.850 CrPR, alleging he was under the influence of drugs at the time of pleading guilty to such an extent that his faculties were impaired so as to make said plea involuntary. The trial court, after examination of the motion and court file, entered the order appealed.
Both counsel have called to our attention the following cases; Coates v. United States, 1959, 106 U.S.App.D.C. 389, 273 F.2d 514; Hansford v. United States, 1966, 124 U.S.App.D.C. 387, 365 F.2d 920; Manley v. United States, 5th Cir. 1968, 396 F.2d 699. We have examined these authorities and, on the basis of the record before this court, we do not find them applicable. An examination of the record also discloses no basis to disturb the trial court’s ruling, in light of the failure of the record to disclose any facts that would indicate the appellant was under the influence of drugs at the time of his plea. United States v. Sprenz, 6th Cir. 1962, 304 F.2d 525; Tucker v. United States, 6th Cir. 1970, 423 F.2d 655. We would also be remiss if we did not point out that the petitioner did not complain to the trial court of the use of drugs between the date of his plea and the date sentence was entered, nor did he avail himself of the Rule 1 petition until some three and one-half years after his plea in a case in which he was facing a capital sentence. In this connection, attention is called to Pait v. State, Fla.App.1966, 188 So.2d 15; Plymale v. State, Fla.App.1967, 201 So.2d 85; Jackson v. State, Fla.App.1968, 215 So.2d 784; Goodall v. State, Fla.App.1970, 232 So.2d 263; Ersek v. State, Fla.App.1970, 238 So.2d 481; O’Fallon v. State, Fla.App., 239 So.2d 872; North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.
*596 Wherefore, for the above reasons, we find that the trial judge was eminently correct in denying the relief sought on the record as then presented to him, and therefore the order here under review be and the same is hereby affirmed.
Affirmed.

. This interrogation met the tests laid down in Garcia v. State, Fla.App.1969, 228 So.2d 300.