PER CURIAM.
The appellant seeks review of a denial of his CrPR 3.850, 33 F.S.A., motion to vacate judgment and sentence entered on July 22, 1958.
Defendant-appellant on June 3, 1958 along with three co-defendants was indicted for rape. He plead not guilty by reason of insanity and not guilty. At this preliminary hearing, appellant was represented by counsel of his own choosing who was approved by court for the trial. Defendant-appellant was examined by court-appointed psychiatrists and determined to be sane. On the third day of trial defendant agreed to change his plea to guilty, was so adjudicated and sentenced to life in prison. On July 21, 1971, he filed his petition seeking post conviction relief pursuant to CrPR 3.- *32 850. After a full evidentiary hearing thereon, the trial court entered an order denying defendant’s motion to vacate judgment and sentence and this appeal followed.
Appellant’s chief contention is that the trial court erred in denying post conviction relief in that defendant’s guilty plea was invalid because the defendant did not understand the consequences of the plea or the nature of the charge to which he plead, and the plea was a direct result of the use of an involuntary confession against the defendant at trial. We affirm.
First, defendant was represented adequately by counsel of his and his parents’ choice. Second, after an examination of the trial transcript, we found that the first count of the indictment charging the appellant with rape was read aloud to him. Thereupon, the trial judge asked the defendant what his plea was. He responded, “Guilty, your Honor.” Thus, the record clearly refutes the contention that when he tendered his guilty plea, appellant believed he was' pleading to a lesser offense for a maximum sentence of twenty (20) years.
Third and finally, after waiting some fourteen (14) years to raise the points of error complained of, defendant gives no excuse for the delay in filing his petition for post conviction relief collaterally attacking his conviction. Thus, we deem the following quote in Ersek v. State, Fla.App.1970, 238 So.2d 481 to be adaptable to the instant case: “It seems clear that this is another case of a defendant being unwilling to run the risk of a capital conviction and after a long lapse of time, attempting to get a new trial when obviously the state’s witnesses and evidence are unavailable or, at best, would be difficult to obtain.” We find there is sufficient evidence in the record to demonstrate that appellant understood the significance and import of his guilty plea which was tendered without being induced by misapprehension or coercion.
We have considered also appellant s remaining points on appeal and find them lacking in merit.
Accordingly, the judgment must be and hereby is affirmed.
Affirmed.-