SCHWARTZ, Judge
(dissenting).
Thomas’ rule 3.850 motion was based on the claim that he was under the influence of psychotropic medicine when he pled guilty to first degree murder in 1973. The record indicates that this issue was specifically raised when the plea was entered. Compare, Dixon v. State, 252 So.2d 594 (Fla. 3d DCA 1971). The transcript of the colloquy, however, is internally contradictory on several key issues. On at least two occasions, Thomas avowed that he understood the proceedings completely; on another, he stated, “I don’t understand anything today.” Similarly, he told the court both that he had and that he had not taken the drugs in question on the day of the plea. I do not believe, therefore, that it can be said that the record shows “conclusively that the appellant is entitled to no relief.” Fla.R.App.P. 9.140(g). See, State v. Weeks, 166 So.2d 892, 897 (Fla.1964); Campi v. State, 371 So.2d 1085 (Fla. 4th DCA 1979); Estrella v. State, 215 So.2d 489 (Fla. 3d DCA 1968). Accordingly, I would reverse the order below and remand the cause for an evidentiary hearing. Coates v. United States, 273 F.2d 514 (D.C.Cir.1959); see, Manley v. United States, 396 F.2d 699 (5th Cir. 1968).