201 So.2d 235 (1967)
Frederick HIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 1140.
District Court of Appeal of Florida. Fourth District.
July 24, 1967.
Frederick Hield in pro. per.
Earl Faircloth, Atty. Gen., Tallahassee, and Fred T. Gallagher, Asst. Atty. Gen., Vero Beach, for appellee.
BARNS, PAUL D., Associate Judge.
This is an appeal from an order denying appellant's petition for a writ of habeas corpus. We affirm.
After the appellant's motion for relief under Criminal Rule 1, F.S.A. ch. 924 Appendix was denied, the appellant sought relief by habeas corpus, seeking relief from sentences of imprisonment on three informations filed by the State Attorney for Seminole County. The sentences of imprisonment by the circuit court were after the defendant entered pleas of guilty when assisted by the services of the public defender, as his counsel. The petitioner was arrested on May 27, 1964, and sentenced on August 24, 1964.
Armed Robbery, Case No. 2035, charged the petitioner with armed robbery in Seminole County of one Anderson on May 27, 1964, as proscribed by Section 813.011, F.S.A.
Escape, Case No. 2036, charged that petitioner in Seminole County "* * * did unlawfully and feloniously being a prisoner at State Road Prison Camp #57, did *236 escape from said prison, without the permission * * *" on May 27, 1964, (proscribed by Section 944.40, F.S.A.).
Aggravated Assault, Case No. 2051, charged that the petitioner in Seminole County did make an assault with a deadly weapon on one "* * * Anderson, without intent to kill * * *" and "* * * did then and there beat, bruise, wound and ill treat * * *" on May 27, 1964, (proscribed by Section 784.04, F.S.A.).
After pleas of guilty, the court on August 24, 1964, imposed a sentence of:
(1) Escape  Ten years imprisonment for escape, "sentence to begin running as provided by statute."
(2) Armed Robbery  Twenty years imprisonment for armed robbery, "to run concurrently with other sentences imposed this date."
(3) Aggravated Assault  Five years imprisonment, "to run concurrently with other sentences imposed this date."
The record reflects that on August 10, 1964, the petitioner and one Bell were arraigned when represented by the public defender and through the public defender entered pleas of not guilty to six informations including the two of the above-mentioned cases. Thereafter, Information No. 2051 was filed on August 21, 1964, which was pursuant to intentions imparted to the accused and his attorney on August 17th; at this time discussion in open court was had between the petitioner's counsel, the state attorney and the trial judge concerning the defendants pleading guilty and nolle pros. and the state attorney's intention to file an additional charge.
On August 24, 1964, in open court when the state attorney, the defendants and their counsel were present, the petitioner and his co-defendant, in answer to the judge's inquiry to each of them, advised the court that they wanted to withdraw their pleas of not guilty and enter a plea of guilty in each of the above-mentioned cases; and after having been advised in open court of the consequences of their acts, the defendants said, they still wanted to withdraw their plea of not guilty and enter their plea of guilty. Thereupon, the court accepted their pleas of guilty and duly adjudged them guilty and imposed sentence in three of the seven pending informations.
The petitioner makes reference to previous confessions made and obtained when he did not have the benefit of an attorney, which were therefore illegally obtained. Petitioner also makes reference to a defect in that one of the informations was defective in that it was not sworn to, which defect is not jurisdictional. Busby v. Holman, 5th Cir.1966, 356 F.2d 75, relative to the effect of a plea of guilty contains a good statement of the law on these points, viz.:
"* * * It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. Accordingly, a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made."
*237 It is clear that the pleas of guilty were negotiated pleas freely and voluntarily made, which resulted in saving of time and expense to the state and mitigated the sentences which could have been imposed as authorized by law, and the abandonment of prosecution by the state of other pending informations. It appears that at all critical stages the petitioner was effectively represented by counsel and that his convictions, sentences and custody are valid.
The judgment appealed from is affirmed.
Affirmed.
WALDEN, C.J., concurs.
ANDREWS, J., concurs specially with opinion.
ANDREWS, Judge (specially concurring).
I concur in the opinion and judgment of Justice Barns. However, the reference to "pleas of guilty were negotiated pleas" prompts me to comment specially.
The public generally does not understand the basic principle that under our system of jurisprudence a person charged with a crime is presumed innocent until proven guilty beyond a reasonable doubt. The rights of an accused are often confused with the rights of a person already found guilty of a crime. In the complicated process of establishing guilt, a prosecuting attorney must consider all of the facts which are admissible as evidence in court and must determine that such facts are sufficient to convince a jury that an accused is guilty. Accordingly, a prosecuting attorney is given wide latitude in determining what charges against an accused are sufficient to justify proceeding to trial, both in the interests of society and of the accused. After filing charges, if later discovered facts and considerations of related factors are such, the prosecuting attorney may "nolle prosequi" or "be unwilling to prosecute" without permission of the court up until the time the jury is sworn to try the cause. Wilson v. Renfroe, Fla. 1956, 91 So.2d 857.
It is also an accepted and recognized procedure for prosecuting attorneys after considering all the facts available to them to determine which, if any, of the charges against an accused will be prosecuted. In addition, it is also acceptable and recognized practice to enter into "plea discussions" and "plea agreements" with the accused or his counsel and to dismiss certain charges in return for a plea of guilty on other charges. In such instances it must be determined that the accused had opportunity for advice of counsel and that the plea of guilty was truly voluntary. Martin v. United States, 5th Cir.1958, 256 F.2d 345.
Rules governing such procedures are under consideration by the Advisory Committee on Criminal Trials of the American Bar Association project on minimum standards for criminal justice. A tentative draft of the recommendations of the Advisory Committee on standards relating to pleas of guilty has been published by the Institute of Judicial Administration (February 1967). It is to be hoped that from this study will come uniform definitive rules of practice and procedures governing the plea discussion and plea agreements in criminal cases.