PER CURIAM.
This is an appeal from an order denying appellant’s postconviction motion to set aside a judgment of conviction and imposition of sentence on a charge of breaking and entering with intent to commit grand larceny.
The appellant and a codefendant were charged with the joint commission of said crime, together with another count charging a separate offense. In the trial court’s order denying the Rule One motion, it is stated that appellant pled guilty to the one charge while represented by the Public Defender’s Office. Appellant’s motion and briefs concede this representation, but claim that the plea of guilty was not voluntary because it was coerced by the knowledge that his codefendant had confessed; and, therefore, in those circumstances there was nothing else the appellant could do but confess.
Under the record before us, it is clear that the appellant’s plea of guilty was voluntary and was made in furtherance of a properly negotiated plea resulting in the abandonment of the other pending count by the State. Hield v. State, Fla.App. 4th, 201 So.2d 235, 1967; Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., and SPECTOR, TJ., concur.