228 So.2d 446 (1969)
Kenneth J. STEINHAUSER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 69-281.
District Court of Appeal of Florida. Second District.
November 26, 1969.
Lee R. Horton, Public Defender, and Robert R. Crittenden, Asst. Public Defender, Winter Haven, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Morton J. Hanlon, Asst. Atty. Gen., Lakeland, for appellee.
McNULTY, Judge.
Appellant Kenneth J. Steinhauser, Jr., appeals to this Court from an order entered by the Highlands County Circuit Court, denying without hearing his motion, filed under CrPR 1.850, 33 F.S.A., to vacate two previous sentences of five years each in the State Prison, to run concurrently, imposed upon him on July 11, 1967.
*447 The concurrent sentences aforesaid grew out of two informations filed in that Court on March 23, 1967. One information charged Steinhauser and three other named defendants with assault to commit first degree murder upon one Earl Gordon. The second information was identical with the first, except that the named victim was one Wayne Bass instead of Gordon. The offenses were alleged to have been committed on February 27, 1967.
Steinhauser, on April 4, 1967, was arraigned and entered pleas of not guilty to the informations. Thereafter on July 11, 1967, in open Court, he moved for permission to withdraw his previous pleas of not guilty, which was granted. He was thereupon separately arraigned again upon each information and pleaded guilty to each charge. The minutes of the Court, exemplified to us by the certified transcript of record on appeal, shows that the trial Court questioned Steinhauser closely regarding the voluntariness, etc., of his pleas of guilty in open Court, in the following language from the Court to Steinhauser, taken literally from the minutes:
"On these charges, Assault to Murder in the First Degree, Case Nos. 2988 and 2989 * * * you have entered a plea of guilty. Is that correct? Defendant answered yes. Are you at this time sick? Defendant answered no. Have you consulted with the Public Defender? Defendant answered yes. Do you wish to consult with him any more right now? Defendant answered no. Are you satisfied with his services? Defendant answered yes. Have you been fair with him in discussing these cases? Defendant answered yes. Do you think he has been fair with you? Defendant answered yes. Have you any complaints about the way he represented you? Defendant answered no. Are you in fact guilty of these charges? Defendant answered yes. You did not make a confession to the officers of the law in these cases? Defendant answered no. Were you promised anything by anyone if you did plead guilty. Defendant answered no. You understand you will not receive probation? Defendant answered yes." [Italics supplied]
Thereafter on March 3, 1969, Steinhauser filed in the trial Court his motion to vacate and set aside the two judgments and sentences upon two grounds, the substance of which may be gleaned from his motion as follows:
"[First Question] That at the time the offences [sic] were committed the defendant was in the custody of law enforcement officers of Highlands County, and he, therefore, could not and did not commit the offences [sic] charged against him * * * That the defendant had been taken into custody prior to the assaults upon officers Gordan [sic] and Bass, the defendant at the time of the commission of such assaults upon officers Gordon and Bass was sitting in the rear of a law enforcement officer's automobile handcuffed under the custody of such law enforcement officers.
"[Second Question] That subsequent to his appointment, the Public Defender, and/or his assistants, conferred with the defendant on approximately five (5) occasions spanning a four month period of time. That on each of such occasions the Public Defender, advised the defendant that if he would plead guilty, he, the Public Defender, would have charges against a co-defendant by name of Verla Jane Frye dropped. That the said Verla Jane Frye was the girl-friend of the defendant who the defendant had brought with him from her home in California to Florida. That the said Public Defender, during such conferences repeatedly advised the defendant that it was impossible for him to successfully defend the defendant, the said Verla Jane Frye, and another co-defendant, at the same time, and he did advise the defendant that the only way to assure freedom of the said Verla Jane Frye was for the defendant to plead guilty to such charges."
*448 The first question aforesaid alleges an alibi of sorts. The second question alleges a kind of psychological duress practiced upon him by his Court-appointed lawyer as a result of which, he apparently contends, his guilty plea was not "free and voluntary". Under the facts in this case, which are patent in the record, we are of the opinion that the defendant is entitled to no relief.
Considering the questions in inverse order, we take up first the voluntariness of the guilty plea. The defendant now says that he was persuaded to so plead by promises made to him by his attorney. Notwithstanding these present allegations, the record affirmatively reflects that when asked by the Court on voir dire, before the acceptance of his guilty plea, whether he was "promised anything by anyone", the defendant answered, "No." We are aware of the long line of cases which afford relief to one pleading guilty when he was induced to so plead by promises or threats from his own attorney or from agents of the State, and even in some instances by actions of the Court. But in all these cases the defendant himself was innocent of any wrong-doing or misrepresentation. Here, if what the defendant now says is true, he intelligently, understandingly and advisedly misled the Court at the time of his plea. He cannot now take advantage thereof. No forum has yet been conceived which affords to an accused greater opportunity to receive justice than a Court of law under our system of criminal jurisprudence. It is open and before the scrutiny of the public and the press, and is presumptively presided over by an impartial Judge. Further, an accused has an absolute right to be heard by himself and with counsel. The defendant in this case was granted such a tribunal, and he knowingly desecrated it. How does he have the right to expect, by his present motion under CrPR 1.850, to receive from the trial Court now the very same relief which could have been afforded him then by the same tribunal, had he but played square? When, as here, the record affirmatively shows that the accused was afforded every opportunity on voir dire by the Court to indicate an involuntary plea of guilty, and it further appears that he knowingly and affirmatively mislead the Court, he cannot raise it later; and the Court can summarily deny a collateral attack based on involuntariness of the plea in the face of such affirmative record. See, e.g., Chisholm v. State (Fla.App.3rd 1969), 220 So.2d 383; Lee v. State (Fla.App.4th 1967), 204 So.2d 245; Manning v. State (Fla.App.2d 1967), 203 So.2d 360; and Richardson v. State (Fla.App.3d 1967), 202 So.2d 137.
We now consider the first point raised by the defendant, i.e., his alibi, which, he contends, is conclusive of his innocence. As we have pointed out above, the record affirmatively reflects that the plea of guilty herein was entered intelligently, understandingly, advisedly and legally voluntarily. This being true, the cases are legion that such a plea of guilty waives all defects not jurisdictional or fundamental, and is conclusive as to the defendant's guilt admitting all the facts charged. A judgment and sentence entered thereon are based solely upon the plea, which is in the nature of a judicial confession, and not upon any evidentiary matters extrinsically appearing and going behind such plea. See, e.g., Streets v. Wainwright (C.C.A.5th 1968), 402 F.2d 87; Manning v. State, supra; Thomas v. State (Fla.App.2d 1967), 201 So.2d 834 and Hield v. State (Fla.App.4th 1967), 201 So.2d 235.
The summary denial of defendant's motion was proper. Accordingly, the order appealed from be, and the same is hereby
Affirmed.
HOBSON, C.J., and PIERCE, J., concur.