OWEN, Judge.
On this direct appeal from the judgments and sentences entered on guilty pleas, the sole question raised is whether the guilty pleas were rendered involuntary because of an agreement by the state to nol-pros other charges then pending against the defendant appellant.
Defendant had been arraigned on, and pled not guilty to, four informations filed against him in the Criminal Court of Record of Orange County. One charged him with escape from custody on May 15, 1968. Another charged that on May 17, 1968, he did unlawfully break and enter a dwelling house with intent to commit a felony, and by separate count charged him with grand larceny. A third information charged that on May 20, 1968, he did unlawfully break and enter a certain dwelling house with intent to commit a misdemeanor, and by separate count charged him with petit larceny. The fourth information charged the defendant with having committed a crime against nature. At all critical stages the defendant was represented by the public defender. On October 15, 1968, defendant appeared before the court with his counsel at which time he changed his plea to guilty as to the charge of escape and the two charges of breaking and entering. The record discloses that these were negotiated pleas which were voluntarily made by the defendant appellant upon the advice of counsel, induced by the state’s agreement (which it subsequently fulfilled) to nol-pros the two charges of larceny and the charge of committing a crime against nature then pending against the defendant.
A plea of guilty, otherwise voluntarily made, is not rendered involuntary under the circumstances we have outlined above. Reed v. State, Fla.App. 1967, 204 So.2d 26; Hield v. State, Fla.App.1967, 201 So.2d 235. Although appellant does not suggest that the guilty pleas were rendered involuntary for any other reason, we gratuitously add the comment that our examination of the reported proceedings held at the time discloses that the trial court conducted a thorough interrogation of the defendant in order that the court might be assured, as required by Rule 1.170(a) Cr PR, 33 F.S.A. that the guilty pleas were made voluntarily with understanding of the nature of the charges.
The judgments and sentences thereon are severally affirmed.
Affirmed.
WALDEN, J., concurs.
McCAIN, J., concurs, in part; dissents, in part, with opinion.