236 So.2d 187 (1970)
Jesse Lee WARD, Petitioner,
v.
STATE of Florida, Respondent.
No. N-313.
District Court of Appeal of Florida, First District.
June 11, 1970.
Rehearing Denied July 2, 1970.
Jesse Lee Ward, in pro. per.
SPECTOR, Judge.
This is an original habeas corpus action by which petitioner seeks to have set aside a judgment of conviction on the ground that his guilty plea to a charge of grand larceny was the product of coercion and inducement by the court appointed counsel and the state attorney.
In addition to the aforementioned ground, petitioner has also alleged defects in the prosecutive process, all of which occurred prior to the entry of his guilty plea. Such grounds, however, are not worthy of our consideration in view of the ultimate guilty plea, since the rule is well settled that a voluntary plea of guilty which has been entered on advice of counsel constitutes a waiver of all nonjurisdictional defects in any stage of the proceedings against the defendant occurring prior to the entry of a guilty plea. United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir.1965), cert. denied 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966). Thus a finding that a guilty plea was voluntarily entered precludes our consideration of nonjurisdictional defects.
Petitioner's allegation that the guilty plea was coerced is conclusory at best. All that is alleged in the petition in this regard is that prior to trial, there was a conference between the prosecuting officer and the defense attorney in the presence of the defendant himself, at which conference it was alleged, "* * * it was stressed upon the petitioner that he had better enter a plea of guilty." Such allegations *188 are wholly insufficient to establish any undue influence upon petitioner leading to his decision to enter a guilty plea. For all that appears from the allegations in the petition, petitioner may well have fared better by having decided to enter a guilty plea to larceny inasmuch as this was not the sole charge facing him. Petitioner also informs us that he was facing a robbery charge which apparently was dropped when he took his lawyer's advice and pled guilty to the larceny charge. By doing so, he avoided the risk inherent in a robbery conviction which carries with it a possible life sentence in prison.
Petitioner has failed to allege any facts which could conceivably amount to impermissible pressures exerted upon him by his defense counsel. On May 4, 1970, the United States Supreme Court rendered its decisions in three cases, Parker v. State of North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; and McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, refusing to set aside guilty pleas that had been entered by persons accused of crimes, both in state and federal courts, where the pleas in question were alleged to have been coerced and therefore invalid as an involuntary act. In Brady v. United States, supra, we find the following language which we deem to be dispositive of the petitioner's contention that his guilty plea is invalid:
"The State to some degree encourages pleas of guilty at every important step in the criminal process. For some people, their breach of a State's law is alone sufficient reason for surrendering themselves and accepting punishment. For others, apprehension and charge, both threatening acts by the Government, jar them into admitting their guilt. In still other cases, the post-indictment accumulation of evidence may convince the defendant and his counsel that a trial is not worth the agony and expense to the defendant and his family. All these pleas of guilty are valid in spite of the State's responsibility for some of the factors motivating the pleas; the pleas are no more improperly compelled than is the decision by a defendant at the close of the State's evidence at trial that he must take the stand or face certain conviction.
* * * * * *
"* * * For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious  his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages  the more promptly imposed punishment after an admission of guilt may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof. It is this mutuality of advantage which perhaps explains the fact that at present well over threefourths of the criminal convictions in this country rest on pleas of guilty, a great many of them no doubt motivated at least in part by the hope or assurance of a lesser penalty than might be imposed if there were a guilty verdict after a trial to judge or jury."
The logic and reasoning by which the United States Supreme Court rejected the contentions of the defendants that their guilty pleas were invalid in the above cases have long been the law of this State as well as that of every jurisdiction in this country. Readherence to those longstanding principles by the court in Brady, McMann and Parker, supra, is both refreshing and welcome.
Petition denied.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.