SPECTOR, Judge.
Appellant entered a guilty plea to separate charges of robbery and aggravated assault on December 5, 1966. Some three years later, December 19, 1969, he filed a motion under Florida Rule of Criminal Procedure 1.850, 33 F.S.A. to set aside and vacate the judgments of conviction entered pursuant to his guilty pleas. The motion was denied and he now seeks reversal.
Essentially appellant’s motion to vacate contends that his guilty pleas were invalid in that they were coerced by the public defender who was appointed to defend him and by the prosecuting officer. Additional grounds are asserted, but they are largely conclusory and without merit.
In addition to averments of the numerous alleged deprivations of constitutional rights, appellant’s motion also reveals that the charges against appellant for possession of a weapon were nolle prossed; the *250 aggravated assault charge to which he entered the guilty plea originally was a charge of assault with intent to commit murder; and, lastly, the promise of leniency which appellant contends induced his guilty pleas was that he would receive no more than a ten-year sentence. This promise actually was complied with since the sentences imposed did not exceed that amount.
At best, appellant has averred that while represented by counsel he agreed to enter a bargained or negotiated plea in exchange for a reduction of the charges against him. Such a plea is not a coerced plea in the constitutional sense. Recently such pleas were upheld by the Fifth Circuit Court of Appeals in Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969), in which the court said:
“All pleas of guilty are the result of some pressures or influences on the mind of the defendant. This is a good time to make it plain that when a defendant has counsel, as he did here, that counsel is the manager of the law suit. If the best professional advice that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer’s expertise, the accused cannot later successfully urge the plea was involuntary on the basis of counsel coercion. See United States v. Millican, 414 F.2d 811 (5th Cir.); United States v. Jones (4th Cir. 1968), 392 F.2d 567 at 569, footnote 3. This is a good time, too, to reiterate the principle that a plea is not rendered involuntary solely because it was induced as a result of a plea-bargaining situation. Rogers v. Wainwright (5th Cir. 1968), 394 F.2d 492; Parrish v. Beto, 414 F.2d 770, 5th Circuit, August, 1969. We do not depart from the principles enunciated in Parrish. We re-affirm them.”
Even more recently, this court rendered its decision in Ward v. State, 236 So.2d 187, opinion filed June 11, 1970, in which we quoted the following from Brady v. United States, 397 U.S. 742, 750, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747, 757:
The State to some degree encourages pleas of guilty at every important step in the criminal process. For some people, their breach of a State’s law is alone sufficient reason for surrendering themselves and accepting punishment. For others, apprehension and charge, both threatening acts by the Government, jar them into admitting their guilt. * * * ”
In Brady, supra, the court rejected the argument that a guilty plea is compelled and invalid under the Fifth Amendment simply because it was motivated by the defendant’s desire to accept the probability of a lesser penalty rather than face higher penalties provided by law for the crime charged if the case proceeds to trial. In the case at bar, appellant, with advice of counsel, pled guilty to robbery and was sentenced to a term of six months to ten years, thus escaping a possible life sentence which can be imposed upon a convicted robber.
The order denying appellant’s motion to vacate is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.