262 So.2d 724 (1972)
Benjamin WEATHINGTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1286.
District Court of Appeal of Florida, Third District.
May 30, 1972.
Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., and Edward D. Gewirtz, Legal Intern, for appellee.
Before BARKDULL, C.J., PEARSON, J., and HARDING, MAJOR B., Associate Judge.
PER CURIAM.
The appellant was charged with the crime of robbery, found guilty by a jury, and adjudicated guilty by the court. He was sentenced to thirty-five years in the state penitentiary. He presents three points on appeal.
Appellant's second and third points are directed respectively to the denial of his motion for mistrial because of alleged prejudice resulting from a remark by the prosecutor, and to the denial of appellant's requested instruction to the jury on impeachment *725 of a witness. We have examined the record in the light of these points and find that no error is demonstrated. We therefore do not deal further with these two points.
Appellant's first point on appeal is of greater interest. It is as follows:
"Whether the thirty five years sentence imposed on the defendant by the trial judge after the denial of a pre-sentence investigation constitutes a denial of due process, an infliction of cruel and unusual punishment and the extraction of a gross penalty on the defendant's exercise of his right to trial by jury guaranteed by the state and federal constitutions."
The substance of this point appears to be that the appellant received a heavy sentence because he dared to ask for a jury trial. Of course, if this were the case, the sentence would be unconstitutional. However, according to the record, what actually occurred is that appellant's co-actor in the crime pleaded guilty after a properly negotiated plea bargain and received a five year sentence. See Jones v. State, Fla. App. 1970, 237 So.2d 249; Reed v. State, Fla.App. 1967, 204 So.2d 26; also see Rule 3.170, R.Cr.P., 33 F.S.A.; American Bar Association Project on Minimum Standards for Criminal Justice (1968). Appellant, on the other hand, denied that he was the person involved, pleaded not guilty, was found guilty by a jury, and was sentenced to a term of thirty-five years. Our review of the record does not substantiate appellant's assertion that he was denied any right which would constitute a denial of due process, nor do we find that the sentence of thirty-five years in the state penitentiary constitutes cruel and unusual punishment. While such a diversity in results between the two paths pursued by the convicted actors may be quite shocking to the judicial conscience of the appellate court, we must hold that since the sentence of thirty-five years in the state penitentiary is within the legal limits set by the statute, the sentence is not subject to review in this court. See Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943); cf. Cole v. State, Fla.App. 1972, 262 So.2d 902.
Affirmed.
BARKDULL, Chief Judge (concurring specially).
I concur in the majority opinion of affirmance because the record herein does not disclose such but, undoubtedly, if a trial court is pursuing a course of conduct resulting in a greater imposition of sentence on the defendants convicted by a jury [as opposed to those defendants convicted after a non-jury trial] so much of such a sentence as is excessive under the circumstances would be unconstitutional. Conduct of this nature by a trial court would have a "chilling effect" on a defendant availing himself of his constitutional right to a trial by jury.