273 So.2d 782 (1973)
James WHITE et al., Appellants,
v.
The STATE of Florida, Appellee.
No. 72-457.
District Court of Appeal of Florida, Second District.
March 2, 1973.
*783 C. Michael Duncan, Tavares, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
PIERCE, Justice (Ret.).
In this case, appellants James White, Willie Mack, and Alonzo Scott appeal jointly to this Court from respective judgments of conviction and sentences to imprisonment in the State Prison for the offense of rape. Scott pleaded guilty and was sentenced to 10 years. White and Mack stood trial, suffered adverse verdicts, and were sentenced to 30 years and 20 years respectively. The only point urged here for reversal is that the application of the "Speedy trial" rule should operate to discharge appellants. We disagree with such contention and affirm.
The alleged rape occurred the night of September 19, 1971. All three defendants were arrested that night and lodged in the Lake County jail. They were indicted for rape on October 21, 1971. They were arraigned in the Lake County Circuit Court on November 23rd, 1971. During the arraignment their joint counsel in open Court requested a 30 day extension of time within which to file motions.
Counsel for the State called attention to the possible tolling of the time during any extension, whereupon the Court stated that "my understanding of the law is, that if defense requests time, that that tolls the running of the rule", to which both counsel indicated assent. Both counsel for the State and defense agreed that "that is the law", the Court adding that the request for extension was "granted with the understanding that the request made by and for the defendants tolls the running of the rule". This proceeding on arraignment was on November 23, 1971. On January 24, 1972 in open Court the three attorneys for the defendants requested continuance with respect to disposition of a motion to suppress evidence made on behalf of defendants. Such request for continuance without objection was granted by the Court, who thereupon stated in open Court that "this tolls the running of a speedy trial provision". As before stated, Scott pleaded guilty. On April 21, 1972, upon trial of the issues, White and Mack were found guilty by separate verdicts and in due course were sentenced to imprisonment.
R.Cr.P. 3.191, 33 F.S.A., provides inter alia that "Every person charged with a crime ... shall without demand be brought to trial ... within 180 days if the crime charged be a felony ... and if not brought to trial within such time shall upon motion timely filed ... be forever discharged from the crime ...".
Defendants contend that, assuming the foregoing extensions of time were granted within which they could file motions prior to trial lengthened the time under the rules to beyond the usual 180 day period, yet when the trial began on the 211th day it was one day too late and therefore defendants should be discharged under the Rule.
As to defendant Scott, such argument is strictly not applicable because he pleaded guilty during or before trial, thereby waiving all non-jurisdictional defects. He has no standing here to urge the point. See Streets v. Wainwright, CCA 5, 1968, 402 F.2d 87; Thomas v. State, Fla.App. 1967, 201 So.2d 834; Hield v. State, Fla. App. 1967, 201 So.2d 235; Steinhauser v. State, Fla.App. 1969, 228 So.2d 446.
*784 As to defendants White and Mack, the speedy trial contention is equally unavailing. There were two continuances prior to trial, both at the instance of defendants. On November 8, 1971, at time of arraignment, they were granted a continuance for trial, and on the second arraignment on November 15, 1971, upon their motion, they were granted additional continuance. These postponements amounted to sufficient days to put the trial, allowing for the time tolled because of motions of defendants, within the 180 period specified by the rule. See Kniffin v. Hall, Fla. 1972, 262 So.2d 900, a case squarely in point.
The contention as to the speedy trial rule barring trial of appellants is without merit, and the judgment appealed is therefore 
Affirmed.
LILES, A.C.J., and McNULTY, J., concur.