MANN, Chief Judge
(concurring specially).
Lenwood appeals from denial of his motion to reduce sentence. Nowhere in the trial court did he allege, as he does in his brief, that nine of the ten past convictions considered by the trial judge in imposing a maximum sentence were invalid because Lenwood was not represented by counsel. Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. On the record now before us the plea of guilty is amply substantiated as voluntary. Steinhauser v. State, Fla.App.2d 1969, 228 So.2d 446. Whether United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, affords Lenwood a right to have his sentence reconsidered is a question which must first be presented to the trial judge. CrPR 3.850, 33 F.S.A. is available for this purpose. United States v. Tucker does indeed suggest that the trial judge should reconsider the extent to which his sentence was based upon invalid convictions. I would emphasize, however, that circumstances un *324 derlying those convictions may be considered in arriving at a just punishment for this offense. See North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656.
Lenwood still has the right to raise by petition the arguments submitted on this appeal which have not been ruled on by the trial court. Whether one who has been involved in nine alleged felonies can expect a lighter sentence to result is, however, another question. If Lenwood should pursue this matter the trial judge would be barred by Tucker from presuming that where there is smoke there is fire. He is not precluded from following the smoke to its suspected source. If in fact, though not in law, Lenwood is in the habit of felony his sentence is not too severe.