286 So.2d 34 (1973)
Vincent MONGE, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-475.
District Court of Appeal of Florida, Third District.
December 4, 1973.
Stanley S. Phillips, North Bay Village, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a judgment and sentence of three years in the state penitentiary for aggravated assault.
As two grounds for error in this appeal, appellant contends he was deprived of the right to take a discovery deposition of the state's complaining witness, and he was deprived of a right to a speedy trial. Neither point is well taken.
Appellant pleaded guilty to the charge for which he was convicted. A guilty plea made voluntarily in a criminal case constitutes a waiver of all non-jurisdictional defects. Hield v. State, Fla.App. 1967, 201 So.2d 235; Williams v. State, Fla.App. 1972, 259 So.2d 753; White v. State, Fla.App. 1973, 273 So.2d 782.
Appellant's third point on appeal attacks the guilty plea itself, because appellant alleges that he was induced by the prosecutor during plea bargaining negotiations to withdraw his not guilty plea by a false promise on the part of the state attorney that he would recommend to the trial judge that appellant receive only a two-month jail sentence.
Appellant filed with the trial court a motion to withdraw his guilty plea and to vacate his sentence, and a motion pursuant to *35 CrPR 3.850, 33 F.S.A. The court denied both motions.
The record shows that the prosecuting attorney denied to the court any previous agreement respecting the precise terms of appellant's sentence. The trial judge also stated he was never informed at the time he imposed sentence of a two-month term of sentence.
Appellant relies on Brown v. State, Fla. 1971, 245 So.2d 41, as grounds for vacating his sentence and substituting a not guilty plea for his guilty plea. However, the record in this cause does not demonstrate that appellant's guilty plea was caused by a misunderstanding of the facts or by a failure of communication as was present in Brown v. State. We do not feel the trial court abused his discretion by refusing to permit appellant to withdraw his guilty plea.
Therefore, for the reasons stated, the judgment and sentence appealed is affirmed.
Affirmed.