BOYER, Judge.
Appellant-defendant Grisham appeals from an adjudication of guilt and the judgment entered thereon pursuant to his plea of nolo contendere to the crime of assault with intent to commit rape.
The sole point on appeal is whether appellant was entitled to discharge because of the provisions of Florida Statute 917.16 and Florida Rules of Criminal Procedure 3.191(a)(1) (“Speedy Trial without Demand”).
A chronological review of the record is important, viz:
November 16, 1972 — Appellant was charged by a two-count information of breaking and entering to commit a felony and assault to commit rape.
January IS, 1973 — Pursuant to motion filed by the state attorney, appellant was ordered to be examined by two doctors to determine whether he was a mentally disordered sex offender.
February 23, 1974 — The trial court entered an order committing appellant to the Florida State Hospital as a mentally disordered sex offender pursuant to Florida Statute 917.12.
February 21, 1974 — The trial court entered an order pursuant to the provisions of Chapter 917, Florida Statutes, directing that appellant be returned to the Duval County Jail at Jacksonville, Florida.
April 8, 1974 — Appellant withdrew his plea of not guilty and entered a plea of nolo contendere to the charge of assault with intent to commit rape.
April 20, 1974 — Appellant moved to withdraw his plea of nolo contendere. In arguing the motion, privately retained counsel advised the court that:
“ . . . [Wjhen I entered that plea I was unaware, really, of the Statute 917.16 which took effect January 1st, 1971, and was in effect at the time he was sentenced and that statute under which he was committed, he was sentenced to the State Hospital specifically providing by 917.16 that defendant not be deprived of speedy trial.
The court in denying counsel’s motion stated:
“That may be the law but if it is, it’s a dumb law and I will deny your motion. I will let you take it up on appeal, but I don’t think the law was designed for that purpose.”
May 20, 1974 — Judgment and sentence entered.
The state reasons that appellant’s unconditional plea of nolo contendere is in effect a “guilty plea” and as such waives all non jurisdictional defects, citing Seay v. State, 286 So.2d 532 (Sup.Ct. Fla.1974) and Peel v. State, 150 So.2d 281 (Fla.App. 2nd 1963). It next asserts that assuming appellant was denied a speedy trial, such denial is a nonjurisdictional defect that is waived by the entry of an otherwise valid guilty plea citing Fowler v. United States, 391 F.2d 276 (5th Cir. 1968); White v. State, 273 So.2d 782 (Fla.App. 2nd 1973); and Wells v. State, 297 So.2d 647 (Fla.App. 1st 1974). It last concludes that since the “nolo contendere” plea was equivalent to a guilty plea that the speedy trial claim was waived when that plea was tendered and accepted by the trial judge.
F.S. 917.16, upon which appellant heavily relies, provides as follows:
“The provisions of this chapter shall not deprive the defendant of his right to receive a speedy trial, but an application *132 by the defendant to invoke the provisions of this chapter shall constitute a waiver of these rights. A defendant who is subsequently acquitted of the charges for which he was being tried shall no longer be subject to the provisions of this chapter."
However, F.S. 917.20 provides that:
“The division of corrections shall cause the committed person to be examined periodically to determine the progress of treatment and it shall file a written report of these examinations in the committing court not less than once a year. At any time after commitment, the division may file a written application in the committing court stating facts showing that the person has improved to a degree that he will not be a menace to others. The court shall set a hearing and order the committed person returned to the jurisdiction of the court. The hearing shall follow the procedures for the original hearing except that the appointment of psychiatrists shall be within the court’s discretion. If the court determines that the person has not recovered from the disorder, it shall order his return to the institution to be held under the previous commitment. If the court determines that the person has recovered from the disorder to a degree that he will not be a menace to others, it shall order him discharged from the institution. If criminal proceedings are still pending against the person, they shall recommence at the time of the discharge order.” (Emphasis added)
According to our calculations, 100 days elapsed between the time that appellant was charged (November 16, 1972) and the date of his commitment to the Florida State Hospital (February 23, 1973). The 180 day “speedy trial time” was tolled during appellant’s stay at the hospital. To hold otherwise would lead to the result that anytime a defendant is found to be a mentally disordered sex offender and therefore committed for treatment pursuant to Chapter 917 Florida Statutes the “speedy trial time” would virtually always expire if the offender were treated for any reasonable period of time and the concluding sentence of F.S. 917.20, above emphasized, would be rendered meaningless.
Assuming that the time again commenced to run when the trial court entered its order directing that appellant be returned to Duval County (February 21, 1974) the time was again tolled when appellant withdrew his plea of not guilty and entered a plea of nolo contendere. (April 8, 1974) (Please see Rubiera v. Dade County ex rel. Benitez, Sup.Ct. Fla.1974, 305 So.2d 161)
We find therefore, and so hold, that appellant’s contention that he is entitled to discharge under Rule 3.191(a)(1) RCrP is without merit. Implicitly we hold that application of the reasoning of Ru-biera v. Dade County ex rel. Benitez, supra, leads to the conclusion that because of the various actions which have had the effect of tolling the time the “speedy trial time” has not yet expired.
It follows therefore, that inasmuch as the “speedy trial time” has not yet expired appellant has in no manner been prejudiced by invocation of the provisions of Chapter 917, specifically the waiver provided by F.S. 917.16. Accordingly, although a motion to withdraw a plea of nolo contendere or a plea of guilty made prior to adjudication of guilt and imposition of sentence should be granted if it is apparent that a defendant has not voluntarily waived basic rights of which he was not aware, nevertheless in the case sub judice the waiver was not prejudicial, as above observed, therefore the learned trial judge was eminently correct in denying appellant’s motion to withdraw his plea of nolo contendere.
No prejudice nor error having been demonstrated, the judgment and sentence appealed are
Affirmed.
*133 McCORD, J., concurs.
RAWLS, C. J., dissents.