PER CURIAM.
The appellant was found guilty after a jury trial for possession of heroin and sentenced to five years in the state prison. Previously, his co-defendant, who was tried separately, pled guilty and received a sentence of four months in prison and 56 months probation. The burden of appellant’s main argument is that the judge was bound to give him the same short sentence as was received by the co-defendant. He urges that not to do so will result in a prejudice to him for having exercised his constitutional right to a jury trial.
The sentence in each case must be reviewed separately. There is nothing in this case to show that the sentence is not within the statutory limits of the crime for which appellant was found guilty. See Stanford v. State, Fla.1959, 110 So.2d 1. We are not apprised of the prior record of either of these men, nor do we know whether the judge took into consideration the adamant and unrepentant attitude of the appellant. We conclude that no error has been presented on this point. See Weathington v. State, Fla.App. 1972, 262 So.2d 724.
Appellant presents a procedural point claiming that he was irrevocably prejudiced by testimony that there was an exchange of money thereby implying that the appellant could have been prosecuted for sale of heroin. The trial court declined to allow introduction of- the money into evidence but the testimony as to the res gestae was not objected to and does not form a basis for reversal at this time. See Cornelius v. State, Fla.1950, 49 So.2d 332.
Affirmed.