352 So.2d 962 (1977)
STATE of Florida ex rel. Mary Louise MULLEN a/k/a Mary Louise Mullins, Relator,
v.
Honorable William T. SWIGERT, Judge of the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, Respondent.
No. GG-431.
District Court of Appeal of Florida, First District.
December 15, 1977.
John B. Fuller of Savage, Krim, Simons & Fuller, Ocala, for relator.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for respondent.
ERVIN, Judge.
This court reviewed the early facts of this prosecution in State ex rel. Mullins v. Swigert, 345 So.2d 386 (Fla. 1st DCA 1977). After arresting the relator, the state waited for 173 days to file an information and set a trial date on the 179th day. We then concluded that although the trial court's order granting a continuance of 90 days was erroneous, the court had jurisdiction because the extension order was made within the time prescribed by the rule, so prohibition would not lie.
We are now confronted with the sequel of relator's prosecution. A summary of the proceedings is as follows:
1. On January 4, 1977, the trial court extended trial 90 days or until April 4, 1977.
2. Subsequently suggestion for writ of prohibition was filed in our court, and on March 1, 1977, rule nisi was issued.
*963 3. The rule was finally discharged on May 23, 1977.
4. On July 15, 1977, the assistant state attorney notified defense counsel trial would be held on July 25, 1977.
5. Motion for discharge was denied on July 19, 1977, and on July 21, 1977, suggestion for writ of prohibition was again filed in our court.
Relator contends, and we agree, that the 55 days which elapsed between January 4, 1977, when the extension order was entered, and March 1, 1977, when our rule nisi issued, must be charged against the 90-day period in which the state was required to bring relator to trial. The continued running of the speedy trial period was tolled by our rule nisi, which deprived the trial court of jurisdiction to proceed. However, our order discharging the rule became final on May 23, 1977, and the hands of the clock again began to turn. No further extension order having intervened, the 90-day period for trial allowed by the court's January 4 order expired June 27, 1977, 35 days after May 23.
The state relies upon State ex rel. Simonds v. Hall, 326 So.2d 443 (Fla. 2nd DCA 1976). Following Simonds' conviction of several crimes, he appealed and the appellate court reversed. The state petitioned for certiorari to the Supreme Court after the 15 day automatic stay period expired. Simonds cross-petitioned. Certiorari was denied both parties on July 17, 1975. Simonds sought discharge, was denied and again appealed. He contended the 90 day speedy trial time, set forth in Fla.R.Crim.P. 3.191(g), ran from the date mandate of the appellate court was issued reversing his conviction on January 7, 1975, not from the date of the denial of his cross-petition for certiorari by the Supreme Court on July 17, 1975. The Second District Court of Appeal's opinion interpreted the effect of Fla. R.Crim.P. 3.191(g), providing generally that a person who is to be tried again shall be brought to trial within 90 days either from the date of an order of mistrial, the date of an order by the trial court granting new trial, or date received by the trial court of a mandate making possible a new trial for defendant. We do not perceive that Rule 3.191(g) applies to a proceeding such as here where a defendant contests the very jurisdiction of the court on the ground of the running of speedy trial time. We are not confronted with a situation where relator's conviction was reversed, resulting in a new trial, or where she was granted a mistrial at the trial level, thus permitting the state 90 additional days in which to try her. Clearly neither Rule 3.191(g) nor Simonds contemplates the type of proceeding now before us.
In different contexts, speedy trial time has been tolled and the time which elapsed prior to the tolled periods was allowed to be computed in determining whether the rule was violated. E.g., State v. Williams, 287 So.2d 415 (Fla. 2nd DCA 1973); Grisham v. State, 319 So.2d 130 (Fla. 1st DCA 1975); Johns v. State, 340 So.2d 528 (Fla. 2nd DCA 1976). The court could, upon the state's motion or upon its own motion, have extended the trial time upon a finding that exceptional circumstances existed by reason of the delay caused by relator's filing petition for writ of prohibition, 3.191(d)(2) & (f). The state could not, however, seek to extend the date set for trial by merely filing a notice of a new trial date which was outside the 90 day trial limits.
The writ is made absolute and respondent is prohibited from taking any further action in this cause.
RAWLS, Acting C.J., and SMITH, J., concur.