PER CURIAM.
This is an appeal from an order denying defendant’s motion to correct an illegal sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Defendant concedes that an earlier motion was made but not appealed, owing to lack of timely notice of the order on the motion.- Assuming arguendo that the present motion is not barred, the trial court properly denied relief. The defendant’s theory is that his 1968 robbery sentence is rendered illegal by the fact that the codefendant received a term of 25 years while defendant received a term of 75 years. Under the principles applicable to a 1968 sentence, disparity in sentencing does not render an otherwise legal sentence illegal. Eaton v. State, 325 So.2d 420, 421 (Fla. 3d DCA 1976); see Stanford v. State, 110 So.2d 1, 2 & n. 4 (Fla.1969) (“we have adhered to the principle that if a trial judge imposes a sentence that is within the limits defined by statute, the only relief is before the parole authorities”); § 813.011, Fla.Stat. (1965); cf. Alvarez v. State, 358 So.2d 10, 12 (Fla.1978) (sentence for term of years in excess of life expectancy does not exceed statutory maximum under robbery statute and is not illegal sentence). As defendant was sentenced within the applicable statutory limits, the sentence is legal. See Dallas v. Wainwright, 175 So.2d 785 (Fla.1965). Relief is not available to defendant under Rule 3.800(a).
Affirmed.