KLEIN, J.
Under our juvenile speedy trial rule, if a petition alleging a delinquent act has been filed, and a trial has not been commenced within ninety days, the juvenile can move for discharge. The juvenile must then be brought to trial within a short recapture period or discharged. In this case, during the recapture period, appellant filed a petition for writ of prohibition in this court, resulting in an order staying all further proceedings in the trial court. We conclude that failure of the trial court to hold the trial within the recapture period was attributable to appellant, and he was therefore not entitled to be discharged.
The petition for adjudication was filed on April 10, 2002. Apparently because of difficulty in serving K.C. with a summons, he was not arraigned until December 19, 2002. On January 28, 2003, he filed a motion for discharge under rule 8.090(a), alleging that his trial had not occurred within ninety days of the filing of the petition. That motion was denied on February 3, 2003, and the case was set for trial on February 11, 2003.
Between those two dates, on February 7, 2003, appellant filed a petition for writ of prohibition in this court, and we issued a rule to show cause on February 7, which *951 automatically stayed all proceedings in the trial court. See Fla. R.App. P. 9.100(h). The petition, which addressed the delay between the filing of the petition for delinquency and the trial, was dismissed on March 18, 2003.
Ten days after our denial of the petition for writ of prohibition, the trial court set the case again to start on April 8, 2003. At the beginning of the trial the appellant again moved for discharge under the speedy trial rule, arguing that, although the time was tolled while the stay order was in effect, it automatically started to run again when this court denied the petition. Based on that argument, the recapture period would have expired in late March, before the April 8, 2003 trial date. The trial court denied the motion, and appellant pled no contest, reserving the right to appeal this ruling.
Under the rule, a discharge should be denied if the child has voluntarily waived the right to speedy trial, or the failure to have the trial is attributable to the child. Rule 8.090(d)(1) and (3).
Appellant relies almost entirely on State ex rel. Mullen v. Swigert, 352 So.2d 962 (Fla. 1st DCA 1977), in which it was held that a speedy trial period automatically resumed when the appellate court denied a writ of prohibition. In Mullen, the trial court had extended the period for trial ninety days, until April 4. During that period the defendant filed a petition for writ of prohibition in the first district and a rule nisi, which we assume is the same as our order to show cause in the present case, was issued on March 1. The rule nisi was discharged on May 23, but it was not until July 15 that the prosecutor notified defense counsel that the trial would be held on July 25. Defendant moved for discharge, which was denied, but the first district disagreed, concluding that once the rule nisi was discharged on May 23, the time automatically resumed running on the ninety day extension of the period for trial.
If the period in which to try the appellant in this ease automatically resumed when we denied prohibition, there would only have been six days from the issuance of our order until the recapture period ended. The trial court in this case reasoned that the appellant should have to renew the motion for discharge after the denial of prohibition, so that the time periods are clear to the court and the parties. We agree.
When the period in which to have a trial is short, as it was here, it is possible that the trial court and the parties will not receive copies of our order, which ends the stay, until after the time has run. Significantly, the timing in this case was entirely attributable to the appellant, who elected to file the petition for writ of prohibition with only six days remaining in which to try appellant. If he had not done so, the trial would have been timely. If we were to hold that the recapture period automatically resumes, it would encourage the filing of frivolous petitions during the ten day recapture period, in the hopes that an advantage could be gained because of the delay between the appellate court entering an order, and receipt by the trial court and parties. Neither trial judges nor the parties should have to call the appellate court every day in order to prevent the recapture period from running.
A motion for discharge cannot be granted under rule 8.090(d)(3), if “the failure to hold an adjudicatory hearing is attributable to the child.” In this case the failure to have the hearing resulted from the stay order entered by this court. The stay order was prompted by the filing of the petition, and it was the child who elected to file the petition with only six days remaining in the recapture period. *952 The failure of the trial court to hold the hearing was accordingly attributable to the child under the rule.[1]
Affirmed.
WARNER and TAYLOR, JJ., concur.

. We are not certifying direct conflict with Mullen, because in Mullen, after the appellate court ruled, the state still had over thirty days in which to obtain a trial date or an extension, but did nothing. And, the juvenile rule we have applied, although similar, is not identical to the adult rule applied in Mullen. Whether we certify direct conflict or not, the jurisdiction of our supreme court to review this decision is still discretionary. Rule 9.030(2), Art. V, § 3, Florida Constitution. The only difference is that, when we certify conflict, our rules do not require separate jurisdictional briefs limited to the issue of conflict. Rule 9.120(d). In this case, although we are plainly declining to apply Mullen, we believe that the process would be better served if the parties are required to address direct conflict in jurisdictional briefs.